REQUESTED BY: Dear Senator:
In your letter of February 23, 1977 you ask whether the federal government or, more precisely, the administrator of the Environmental Protection Agency, has the authority, under the Federal Insecticide, Fungicide, and Rodenticide Act to establish a certification program for certification of applicators of pesticides, if Nebraska's plan is not approved by October 21, 1977.
We conclude that the administrator has such authority.7 U.S.C.A. § 136b provides for certification of applicators. Subsection (a)(1) of that section provides:
 "Subject to paragraph (2), the Administrator shall prescribe standards for the certification of applicators of pesticides. Such standards shall provide that to be certified an individual must be determined to be competent with respect to the use and handling of pesticides, or to the use and handling of the pesticide or class of pesticides covered by such individual's certification."
Paragraph (2) referred to in the above quotation, then provides for state certification. It provides that a state may submit to the administrator a state plan for certification, which the administrator shall approve if it meets certain criteria. Provision is also made for withdrawal of approval if the administrator determines, after a hearing, that the state is not administering the program in accordance with the plan.
On the surface, it would appear that the act contemplates federal certification as the norm, with the state certification as a permissible alternative. You have, however, submitted to us with your letter a copy of an opinion from an Associate Deputy General Counsel in the Environmental Protection Agency, dated November 15, 1976. He makes it clear that this is not what EPA itself contemplates, but that it is expected that the states will submit acceptable plans, and administer them, with EPA exercising a supervisory role of requiring a state plan which meets the requirements of the federal act, and making sure that the states administer their program in accordance with the plans approved. We have read that opinion, and, so far as we can tell, it correctly analyzes the federal act. Certainly the writer of that opinion is far more knowledgeable than we are as to the plans of EPA in the administration of the act.
In any event, as a legal proposition, in our opinion the act gives EPA the authority to establish and administer a certification program of its own, in the event of the failure of the state to submit a plan which will be approved by the administrator by October 21, 1977.